# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL RAMSEY, CDCR #K99536,<br><br>                Plaintiff,<br><br>vs.<br><br>J. CORRONADO, G. ORTIZ, H. MOSELEY,<br><br>                Defendants. | Case No.: 22-cv-1859-MMA (WVG)<br><br>**ORDER: (1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS;**<br><br>**(2) DISMISSING DUE PROCESS CLAIM FOR FAILURE TO STATE A CLAIM UNDER 28 U.S.C. §§ 1915(e)(2)(B) & 1915A; AND**<br><br>**(3) DIRECTING U.S. MARSHAL TO EFFECT SERVICE UPON DEFENDANTS AS TO PLAINTIFF'S FIRST AMENDMENT CLAIMS ONLY PURSUANT TO 28 U.S.C. § 1915(d) AND FED. R. CIV. P. 4(c)(3)** |

## I. INTRODUCTION

Daniel Chris Ramsey ("Plaintiff" of "Ramsey"), a state inmate currently incarcerated at High Desert State Prison and proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983, along with an application to proceed *in forma pauperis* ("IFP"). Doc. Nos. 6, 7. In his Complaint, Ramsey alleges his Due Process and

First Amendment rights were violated when Defendants withheld some of his mail. *See* Doc. No. 6. For the reasons discussed below, the Court grants Plaintiff's IFP motion, dismisses his due process claim and directs U.S. Marshal Service of the Complaint as to his First Amendment claim.

## II. MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $402. *See* 28 U.S.C. § 1914(a). A party may initiate a civil action without prepaying the required filing fee if the Court grants leave to proceed IFP based on indigency. 28 U.S.C. § 1915(a); *Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007).

To proceed IFP, plaintiffs must establish their inability to pay by filing an affidavit regarding their income and assets. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). Prisoners seeking to establish an inability to pay must also submit a "certified copy of the [prisoner's] trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1) & (4). Prisoners who proceed IFP must repay the entire fee in installments regardless of whether their action is ultimately dismissed. 28 U.S.C. § 1915(b)(2); *Bruce v. Samuels*, 577 U.S. 82, 84 (2016).

Plaintiff has provided a Prison Certificate authorized by an accounting officer. Doc. No. 7 at 1. During the six months prior to filing suit, Plaintiff had an average monthly balance of $0.39, average monthly deposits of $0.29, and had an available balance of $0.12 in his account at the time he filed suit. *Id*. The Court finds Plaintiff has established an inability to pay the required filing fee and **GRANTS** Plaintiff's IFP Motion. While the Court will not assess an initial payment, Plaintiff will be required to

pay the full $350 filing fee[1] in installments which will be collected from his trust account as set forth in 28 U.S.C. § 1915(b)(2).

### III. SCREENING PURSUANT TO 28 U.S.C. § 1915(e) AND § 1915A(b)

**A. Legal Standards**

Pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b), the Court must screen a prisoner's IFP complaint and *sua sponte* dismiss it to the extent that it is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (*en banc*); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010). "The standard for determining whether Plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Rule 12(b)(6) requires that a complaint to "contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. *Id*. The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

To state a claim under 42 U.S.C. § 1983, Plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Naffe v. Frey*, 789 F.3d 1030, 1035–36 (9th Cir. 2015).

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $52. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2021)). The additional $52 administrative fee does not apply to persons granted leave to proceed IFP. *Id*.

B.     **Plaintiff's Allegations**

In his Complaint, Ramsey alleges that on November 8, 2019, while he was an inmate at R.J. Donovan Correctional Facility ("RJD"), he was sent, via mail, "nude photographs with edited black permanent marker covering" the frontal nudity. Doc. No. 6 at 3. Mailroom staff confiscated the photographs and used a "substance/solvent" in an attempt to remove the black markings. *Id.* After learning the photographs had been confiscated Plaintiff filed an administrative grievance, requesting the photos be given to him because they did not violated regulations set forth by the California Department of Corrections and Rehabilitation ("CDCR"). *See* Doc. No. 6-2 at 2, 5. Ultimately, the photographs were approved by Officer Garcia, the mailroom supervisor, and Garcia gave them to Ramsey. Doc. No. 6 at 3. Plaintiff then withdrew his administrative grievance. *Id.*; *see also* Doc. No. 6-2 at 3.

On February 12, 2020, Plaintiff again received photographs with nudity covered by black, permanent marker and they were again confiscated. Doc. No. 3. Ramsey filed another administrative grievance. Doc. No. 6-3 at 3. After a review, Garcia gave Ramsey the photographs and Ramsey withdrew his grievance on March 17, 2020. *Id.* at 4. On the same day, Garcia issued a "128B chrono,"[2] noting Ramsey had been given the "allowable photos." Doc. Nos. 6 at 3, 6-3 at 2.

In October of 2020, Ramsey wrote Garcia in anticipation of additional photographs coming in. Garcia "made sure [Ramsey] received his mailed photographs" on that occasion. Garcia also "remind[ed] staff that there were not to confiscate the photographs." Doc. No. 6 at 3–4. On October 20, 2020, Garcia sent Ramsey a note that

---

[2] The Court takes judicial notice of the CDCR Department Operations Manual ("DOM"), which states CDC Form 128-B, General Chrono "shall be used by counselors and chaplains when making reports on the religious activity or *outside contacts of inmates.*" DOM § 72010.7.1 (emphasis added). *See* Fed. R. Civ. P. 201(b) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); *Brown v. Valoff*, 422 F.3d 926, 931 (9th Cir. 2005) (taking judicial notice of the CDCR Department Operations Manual).

stated, in part, "I have spoken with my staff. Please let me know if this occurs again." Doc. No. 6-4 at 2.  Plaintiff did not have "any problems" receiving his mail after that until 2022.  Doc. No. 6 at 4.

On May 6, 2022, mailroom staff confiscated photographs from Ramsey's incoming mail "for further review." *Id.*; *see also* Doc. No. 6-5 at 2.  The confiscated photos depicted frontal nudity that was covered with black, permanent marker. *Id.*  The photographs were ultimately reviewed by Defendant Corronado, who concluded they were in violation of CDCR regulations due to "nudity."  Doc. No. 6-5 at 2.  Ramsey received a CDCR Form 1819[3] which informed him the photographs were disallowed because they were in violation of CDCR regulations against nudity. *Id.*  Ramsey filed an administrative grievance, noting that he had "been through th[is] same issue before" and the photos should be approved because the nudity had been covered by permanent marker.  Doc. No. 6 at 4.  On July 22, 2022, Defendant Moseley denied Ramsey's appeal, stating the photos depicted "exposed vaginas, bare female breasts, acts of sexual intercourse, & fellatio."  Doc. No. 6-5 at 3.  Moseley noted that "some [nudity was] covered with black marker . . .[but] the black marker can be removed." *Id.*

On July 13, 2022, Ramey received another CDCF Form 1819 notification signed by Defendant Ortiz, informing him the mail contained nude photographs and was being withheld. *Id.* at 5; *see also* Doc. No. 6-6 at 2.  Ramsey filed a grievance, noting that in the past he had been permitted photographs with the nudity obscured by permanent marker and pointing to the March 17, 2020 chrono issued by Garcia.  Doc. No. 6 at 6. Moseley denied Ramsey's appeal on October 22, 2022, concluding the photographs were "appropriately disallowed" because they contained nudity. *Id.*; *see also* Doc. No. 6-6 at 3.

---

[3] A CDCR Form 1819 is titled "Notification of Disapproval—Mail / Packages / Publication."  *See* DOM §54010.16.

### C. Discussion

Ramsey contends his First Amendment and Due Process rights were violated by Corronado, Ortiz and Melendez. Specifically, he contends all three defendants improperly categorized the photographs as contraband when the nudity had been completely obscured by black permanent marker. Doc. No. 6 at 3–6. Plaintiff seeks $200,00 in money damages and the return of the confiscated photographs or "similar" photographs. *Id.* at 8.

#### 1. Due Process

Plaintiff contends Defendants violated his due process rights by improperly confiscating the photographs from his mail. *Id*. 3–6. Prisons may regulate the processing of inmate mail so long as those regulations further an important or substantial government interest other than the suppression of expression. *See Procunier v. Martinez*, 416 U.S. 396, 411–12 (1974) (overruled on other grounds, *Thornburgh v. Abbott*, 490 U.S. 401, 412–414 (1989)). Nevertheless, prisoners have a Fourteenth Amendment due process liberty interest in receiving notice that incoming mail has been withheld by prison authorities. *Frost v. Symington*, 197 F.3d 348, 353 (9th Cir. 1999). This liberty interest is protected from "arbitrary government invasion," and any decision to censor or withhold delivery of mail must be accompanied by "minimum procedural safeguards." *Procunier*, 416 U.S. at 417–18. These safeguards include: (1) notifying the inmate that the mail was seized; (2) allowing the inmate a reasonable opportunity to protest the decision; and (3) referring any complaints to a prison official other than the one who seized the mail. *Id.* at 418–19; *Krug v. Lutz*, 329 F.3d 692, 697–08 (9th Cir. 2003) ("Following *Thornburgh*, this circuit has repeatedly acknowledged that withholding delivery of inmate mail must be accompanied by the minimum procedural safeguards established in [*Procunier*].").

Here, Ramsey concedes he was informed his mail was being withheld because the enclosed photos violated CDCR regulations. On both occasions he received notification his mail was "disapproved" via CDCR Form 1819—the first signed by Corronado on

May 6, 2022 and the second signed by Ortiz on July 13, 2022.  Doc. Nos. 6-5 at 2, 6-6 at 2.  Ramsey was provided an opportunity to appeal both decisions via administrative grievance, and he did so.  *See* Doc. No. 6 at 4–5.  Plaintiff's grievance appeals were reviewed by Moseley and denied on July 29, 2022 and October 22, 2022, respectively.  Doc. Nos. 6-5 at 3, 6-6 at 3.  The reason for the denial was explained to Ramsey.  *See id.*  As such, Ramsey received all the process he was due.  Thus, to the extent he claims his due process rights were violated by withholding his mail, he has failed to state a claim.  *Procunier*, 416 U.S. at 417–18

Furthermore, to the extent Ramsey alleges Mosely also denied him due process when he denied his administrative appeals, Ramsey also fails to state a claim.  Inmates have no stand-alone due process right related to administrative grievance process. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (holding there is no protected liberty interest to a grievance procedure).  California's regulations grant prisoners a purely procedural right: the right to have a prison appeal.  *See* Cal. Code Regs. tit. 15, §§ 3084–3084.9 (2014).  In other words, prison officials are not required under federal law to process inmate grievances in a certain way.  Thus, the denial, rejection, screening out of issues, review, or cancellation of a grievance does not constitute a due process violation.  *See, e.g., Evans v. Skolnik*, 637 F. App'x 285, 288 (9th Cir. 2015) (stating a prison official's denial of a grievance does not itself violate the constitution); *Towner v. Knowles*, No. S-08-cv-2823-LKK-EFB, 2009 WL 4281999 at *2 (E.D. Cal. Nov. 20, 2009) (finding allegations that prison officials screened out inmate appeals without any basis failed to indicate a deprivation of federal rights); *Williams v. Cate*, 1:09-CV-00568-OWW-YNP PC, 2009 WL 3789597, at *6 (E.D. Cal. Nov. 10, 2009) ("Plaintiff has no protected liberty interest in the vindication of his administrative claims.").  Therefore, Ramsey cannot state a due process claim against Moseley for denying his administrative appeals.  *See Ramirez*, 334 F.3d at 860.

In sum, Plaintiff has failed to state a due process claim upon which relief may be

granted against Corronado, Ortiz or Moseley. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1); *Iqbal*, 556 U.S. at 678; *Lopez*, 203 F.3d at 1126–27.

### 2. First Amendment

Ramsey also alleges Defendants Corronado, Ortiz and Moseley violated his First Amendment rights when they confiscated photographs which did not depict nudity. Doc. No. 6 at 3–6. Prisoners enjoy a First Amendment right to send and receive mail. *See Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995) (citing *Thornburgh*, 490 U.S. at 407). A prison, however, may adopt regulations or practices which impinge on a prisoner's First Amendment rights so long as the regulations are "reasonably related to legitimate penological interests." *See Turner v. Safley*, 482 U.S. 78, 89 (1987); *Valdez v. Rosenbaum*, 302 F.3d 1039, 1048 (9th Cir. 2002) (stating jail personnel may regulate speech if a restriction is reasonably related to legitimate penological interests and an inmate is not deprived of all means of expression). The *Turner* standard applies to regulations and practices concerning all correspondence between prisoners and to regulations concerning incoming mail received by prisoners from non-prisoners. *See Thornburgh*, 490 U.S. at 413.

Here, Plaintiff alleges his mail was improperly withheld for depicting frontal nudity when, in fact, no nudity was shown. Specifically, both the May 6, 2022 and the July 13, 2022 "Notification[s] of Disapproval for Mail" indicate the photos were confiscated under California Code of Regulations §§ 3135(d)(1), and 3006(c)(17), both of which prohibit possessing or receiving in the mail "sexually explicit" images that depict "frontal nudity." *See* Doc. Nos. 6-5 at 2, 6-6 at 2; *see also* Cal. Code Regs., tit. 15 §§ 3135(d)(1), 3006(c)(17). The notifications also cited DOM § 54010.14 as a basis for confiscating the photos. *See* Doc. Nos. 6-5 at 2, 6-6 at 2. Section 54010.14 prohibits the receipt of "obscene materials," which include sexually explicit images that "show frontal nudity including personal photographs, drawings, and magazines and pictorials that show frontal nudity." *See* DOM §§ 54010.14, 54010.15.

Ramsey does not challenge the CDCR regulations barring "sexually explicit"

photographs depicting frontal nudity. Instead, he alleges the confiscated photographs were not prohibited under the cited regulations because the frontal nudity had been completely obscured by black permanent marker. Ramsey points to photographs he previously received after appeal, in which the frontal nudity was similarly blacked out. Thus, he alleges Corronado, Ortiz and Melendez withheld the photographs despite lacking a legitimate penological interest in doing so. Taking Ramsey's allegations as true, the Court finds his First Amendment claims against Defendants Corronado, Ortiz and Moseley survive the "low threshold" set for *sua sponte* screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). *See Wilhelm*, 680 F.3d at 1123; *Iqbal*, 556 U.S. at 678; *Turner*, 482 U.S. at 89; *see Thornburgh*, 490 U.S. at 413.

## IV. CONCLUSION

For the reasons set forth above, the Court hereby:

1. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (Doc. No. 7).

2. **ORDERS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's prison trust account the $350 filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $ 10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Jeff Macomber, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001, by U.S. Mail, or by forwarding an electronic copy to trusthelpdesk@cdcr.ca.gov.

4. **DISMISSES** Plaintiff's Due Process claims as to all Defendants pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

5. **DIRECTS** the Clerk to issue summonses as to Plaintiff's Complaint (Doc. No. 6) upon Defendants and forward them to Plaintiff along with a blank U.S. Marshal

Forms 285. In addition, the Clerk will provide Plaintiff with certified copies of this Order, a certified copy his Complaint, and the summonses so that he may serve the Defendants. Upon receipt of this "IFP Package," Plaintiff must complete the Forms 285 as completely and accurately as possible, include an address where Defendants may be served, *see* S.D. Cal. Civ. L.R. 4.1.c, and return them to the United States Marshal according to the instructions the Clerk provides in the letter accompanying his IFP package.

6. **ORDERS** the U.S. Marshal to serve a copy of the Complaint and summons upon Defendants as directed by Plaintiff on the USM Forms 285 provided, and to file executed waivers of personal service upon Defendants with the Clerk of Court as soon as possible after their return. Should a Defendant fail to return the U.S. Marshal's request for waiver of personal service within 90 days, the U.S. Marshal shall instead file the completed Form USM 285 Process Receipt and Return with the Clerk of Court, include the date the summons, Complaint and request for waiver was mailed to that Defendant, and indicate why service upon the party remains unexecuted. All costs of that service will be advanced by the United States; however, if a Defendant located within the United States fails, without good cause to sign and return the waiver requested by the Marshal on Plaintiff's behalf, the Court will impose upon the Defendant any expenses later incurred in making personal service. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

7. **ORDERS** Defendants, once they have been served, to reply to Plaintiff's Complaint, and any subsequent pleading they may file in this matter in which they are named as parties, within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a) and 15(a)(3). *See* 42 U.S.C. § 1997e(g)(2) (stating that while a defendant may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its *sua sponte* screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and thus, has made a preliminary determination based on the face on the pleading that Plaintiff has a "reasonable opportunity to prevail

on the merits," defendant is required to respond).

8. **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to serve upon Defendants, or if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Fed. R. Civ. P. 5(b). Plaintiff must include with every original document he seeks to file with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of that document was served on Defendants or their counsel, and the date of that service. *See* S.D. Cal. CivLR 5.2. Any document received by the Court which has not been properly filed with the Clerk, or which fails to include a Certificate of Service upon the Defendants, may be disregarded.

**IT IS SO ORDERED**.

Dated: May 24, 2023

HON. MICHAEL M. ANELLO
United States District Judge