# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL CHRIS RAMSEY,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>J. CORONADO, et al.,<br><br>　　　　　　　　　　　Defendants. | Case No. 22-cv-1859-MMA (MMP)<br><br>**ORDER:**<br><br>**DENYING REQUEST FOR IN CAMERA REVIEW;**<br><br>**GRANTING MOTION TO DISMISS AS TO DEFENDANT MOSELEY; and**<br><br>**DENYING MOTION TO DISMISS AS TO DEFENDANTS CORONADO AND ORTIZ**<br><br>[Doc. No. 34, 35] |

On January 27, 2023, Plaintiff Daniel Ramsey, a state prisoner proceeding *pro se*, filed a Motion to Proceed in Forma Pauperis ("IFP") and a civil rights complaint pursuant 42 U.S.C. § 1983, alleging Defendants violated his First Amendment rights when they seized his mail and confiscated photographs they claimed violated the California Department of Corrections and Rehabilitation's ("CDCR") policy prohibiting inmates

from receiving sexually explicit material. *See* Doc. No. 6. Plaintiff named Assistant Captain J. Coronado, Captain G. Ortiz, and H. Mosely of the Office of Appeal as Defendants. *Id.* The Court granted Plaintiff's IFP Motion, screened the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), and directed service of the Complaint on Defendants. Doc. No. 9. Plaintiff then filed a First Amended Complaint on January 2, 2024. Doc. No. 30.

Defendants have now filed a Request for *In Camera* Review of the disputed photographs and a Motion to Dismiss Plaintiff's claims against them pursuant to Federal Rule of Civil Procedure 12(b)(6). Doc. Nos. 34, 34-1, 35. Plaintiff filed an Opposition to the Request for *In Camera* Review and a document entitled "Plaintiff's Opposition to Defendant's Motion for Summary Judgment," which appears to be Plaintiff's Opposition to Defendant's Motion to Dismiss. *See* Doc. Nos. 40, 45.[1] Defendants thereafter filed a Reply to both of Plaintiff's Oppositions. Doc. Nos 46–47.

For the reasons set forth below, the Court **DENIES** Defendants' Request for In Camera Review, **GRANTS** Defendants' Motion to Dismiss the claims against Defendant Mosely without prejudice and without leave to amend, and **DENIES** the Motion to Dismiss the claims against Defendant Coronado and Ortiz pursuant to Rule 12(b)(6).

## I. BACKGROUND[2]

Plaintiff alleges that on February 21, 2020, he received a CDCR Form 1819[3] "Notification of Disapproval for Mail/Packages/Publications" stating that his mail had

---

[1] Defendants have not yet filed a Motion for Summary Judgment.

[2] Because this matter is before the Court on a motion to dismiss, the Court must accept as true the allegations set forth in the complaint. *See Hosp. Bldg. Co. v. Trs. Of Rex Hosp.*, 425 U.S. 738, 740 (1976).

[3] The Court takes judicial notice of the CDCR Department Operations Manual ("DOM"). *See* Fed. R. Civ. P. 201(b) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); *Brown v. Valoff*, 422 F.3d 926, 931 (9th Cir. 2005) (taking judicial notice of the CDCR Department Operations Manual). According to the DOM, a CDCR Form 1819 is titled "Notification of Disapproval—Mail / Packages / Publication." *See* DOM §54010.16.

been confiscated because it contained explicit nude photographs in violation of CDCR rules. Doc. No. 30 at 3, 19. Plaintiff filed a grievance alleging the photographs contained permanent black marker which obscured any nudity. *Id.* at 12–14. The grievance was granted, and Plaintiff received a 128 C-General Chrono from mailroom captain Garcia allowing Plaintiff to receive the mail on March 17, 2020.[4] *Id*. at 3, 16–17. Plaintiff continued to receive similar mail after Garcia told mailroom staff not to withhold Plaintiff's mail. *Id.* at 3–4.

On May 6, 2022, Plaintiff received a CDCR Form 1819 notifying him that Defendant Coronado had confiscated photographs from his incoming mail because they contained nudity, in violation of CDCR regulations. *Id.* at 4, 19. Plaintiff filed a grievance in which he alleged that any nudity was completely obscured by black marker but that mailroom officials had improperly used a solvent to remove the marker. *Id.* at 4, 22–25. Plaintiff received a second 1819 form on July 13, 2022 notifying him that his mail had again been confiscated because it contained photographs depicting nudity, in violation of CDCR regulations. *Id.* at 5, 28. Ramsey filed another administrative grievance, noting that "this has been a continu[ing] problem since 2/17/20" and that the photos should be approved because the nudity had been covered by permanent marker. *Id.* at 5, 30–32. On July 30, 2022, Defendant Moseley denied Ramsey's grievance, stating the photos depicted "exposed vaginas, bare female breasts, acts of sexual intercourse, & fellatio." Doc. No. 30 at 6, 26. Moseley noted that "some [nudity was] covered with black marker . . .[but] the black marker can be removed." *Id.* at 26. Plaintiff claims the May 2022 and July 2022 mail seizures violated his First Amendment right to receive mail. *See* Doc. No. 30.

/ / /

---

[4] According to the DOM, a CDC Form 128-B, General Chrono "shall be used by counselors and chaplains when making reports on the religious activity or outside contacts of inmates." DOM § 72010.7.1 (emphasis added).

## II. LEGAL STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, plaintiffs must also plead "enough facts to state a claim to relief that is plausible on its face." Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard thus demands more than a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Instead, the complaint "must contain allegations of underlying facts sufficient to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

In reviewing a motion to dismiss under Rule 12(b)(6), courts must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). The Court must also draw all reasonable inferences in favor of the Plaintiff. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). The court need not take legal conclusions as true merely because they are cast in the form of factual allegations. *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987). Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).

When the plaintiff is appearing *pro se*, the court must construe the pleadings liberally and afford the plaintiff any benefit of the doubt. *See Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2001); *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988). In giving liberal interpretation to a *pro se* complaint, however, the court is not permitted to "supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). The court must give a *pro se* litigant leave to amend his complaint "unless it determines

that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (quotation omitted) (citing *Noll v. Carlson*, 809 F.2d 1446, 1447 (9th Cir. 1987)).

## IV. DISCUSSION

In their Motion to Dismiss, Defendants argue Plaintiff's First Amendment claim fails because the confiscated photographs violate CDCR regulations. Doc. No. 34 at 13–21. Defendants ask the Court to examine the confiscated photographs *in camera* and argue the Court may do so because the photographs are incorporated by reference into the Amended Complaint. *See* Doc. No. 35. Defendants also argue Plaintiff has not pleaded sufficient facts to state a claim against Ortiz or Mosely. Doc. No. 34 at 13–21. In addition, Defendants contend they are entitled to qualified immunity, and that the Eleventh Amendment bars Plaintiff's claims against them in their official capacity. *Id.* at 21–23.

A. Incorporation by Reference

Normally, the scope of review for a motion to dismiss under Rule 12(b)(6) limits the Court to consideration of the contents of the complaint. *Faulkner v. ADT Sec. Servs.*, 706 F.3d 1017, 1019 (9th Cir. 2013). Under the "incorporation by reference" doctrine, however, "[a] court may consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (citing *Branch v. Tunnell*, 14 F.3d 449, 453–54 (9th Cir.1994), *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1141 n. 5 (9th Cir. 2003), and *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 n. 3 (2d Cir. 2002)). The incorporation by reference rule is designed to "prevent plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting documents upon which their claims are based." *Swartz v. KPMG LLP*, 476 F.3d at 763 (alterations and internal quotation marks omitted).

/ / /

The Amended Complaint refers to the confiscated photographs and they are central to Plaintiff's claim that the photographs do not violate CDCR regulations on sexually explicit material. Plaintiff has never seen the photographs in question, however, and thus it cannot be said that "no party questions the authenticity" of the photographs Defendants seek to incorporate by reference into the Amended Complaint. *See* Doc. No. 40 at 1. Further, "the Ninth Circuit prohibits courts from considering facts in incorporated documents or taking judicial notice of facts in documents that are being used as a basis to resolve genuine factual disputes in a complaint, warning that the 'overuse and improper application of judicial notice and the incorporation-by-reference doctrine . . . can lead to unintended and harmful results.'" *Ishita Das v. Unity Software, Inc., et al.*, No. 5:22-cv-03962-EJD, 20204 WL 1141733, at *6 (N.D. Cal. March 15, 2024) (quoting *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 989–99 (9th Cir. 2018)). "The incorporation by reference doctrine does not override the fundamental rule that courts must interpret the allegations and factual disputes in favor of the plaintiff at the pleading stage." *Khoja*, 899 F.3d at 1014 (citing *Sgro v. Danone Waters of North America*, 532 F.3d 940, 942, n.1 (9th Cir. 2008)). Here, construing the factual allegations in the light most favorable to Plaintiff, as the Court is required to do, there is a "genuine factual dispute" as to whether the confiscated photographs actually violate CDCR policy. *See Cahill*, 80 F.3d at 337–38. Thus, the Court finds it is inappropriate to incorporate by reference the confiscated photographs and **DENIES** without prejudice Defendants' Request for *In Camera* Review of those photographs [Doc. No. 34].

B. <u>First Amendment Claims</u>

Although prisoners have "a First Amendment right to send and receive mail," the right is not absolute. *See Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995). "When a prison regulation impinges on inmates' constitutional rights . . . the regulation is valid if it is reasonably related to a legitimate penological purpose." *Turner v. Safley*, 482 U.S. 78, 89 (1987). Regulations prohibiting inmates' receipt of mail containing sexually explicit material have been routinely upheld as constitutional. *See Thornburgh*, 490 U.S. 401

(upholding federal prison regulations restricting sexually explicit material); *Bahrampour v. Lampert*, 356 F.3d 969, 979 (9th Cir. 2004) (concluding prison officials may prohibit inmates from possessing sexually explicit material); *Mauro v. Arpaio*, 188 F.3d 1054, 1057–58 (9th Cir. 1999) (upholding regulations prohibiting prisoners from possessing sexually explicit material); *Baker*, 2024 WL 713037, at *4 (noting regulations prohibiting sexually explicit material in prison have been recognized as valid by many courts). Plaintiff does not challenge the constitutional validity of the regulations themselves, however, but rather how those regulations have been applied to him.[5]  Doc. No. 34 at 15.

Defendants argue that Plaintiff's First Amendment claim fails because, as a factual matter, the confiscated photographs violate CDCR regulations prohibiting sexually explicit inmate mail since the black marker does not fully cover the nudity depicted in the photographs, the black marker can be removed, and the confiscated photographs depict sexual conduct.  Doc. No. 34 at 15–21.  Plaintiff insists the confiscated photographs do not fall under the regulations because any nudity was obscured by permanent black marker and the photos do not depict sexual activity.  Doc. Nos. 30, 45 at 3.  As noted above, a Court faced with a Rule 12(b)(6) motion must assume all factual allegations in the Amended Complaint are true, *Iqbal*, 556 U.S. at 678, and the facts must be viewed in the light most favorable to the non-moving party." *Faulkner*, 706 F.3d at 1019.  In order to rule in Defendants' favor at this stage of the proceedings, the Court would have to conclude that Plaintiff's allegations regarding the seizure of his mail are not true. Accordingly, the Court **DENIES** the Motion to Dismiss on First Amendment grounds.

C. Defendants Ortiz and Mosely

Defendants argue Plaintiff has failed to state a claim as to both Ortiz and Mosely. Doc. No. 34 at 14–15.  Defendants contend the only allegation Plaintiff makes in his

---

[5] Plaintiff possibly raises a constitutional challenge to the CDCR regulations themselves in his Opposition to the Motion to Dismiss, *see* Doc. No. 45 at 16, but in deciding a Motion to Dismiss under Rule 12(b)(6), the Court is limited to the contents of the Complaint.  *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

Amended Complaint against Ortiz is that Ortiz violated his First Amendment right to receive mail, which is too conclusory to state a valid claim. Doc. No. 34 at 14 (quoting FAC, Doc. No. 30 at 5). Plaintiff states in Count 2 of his Amended Complaint that on July 13, 2022, he was given a CDCR 1819 notification indicating mail had been disapproved and confiscated. Doc. No. 30 at 5. It is at the end of the recitation of facts in support of Count 2 that Plaintiff alleges that Ortiz violated his First Amendment rights. Doc. No. 30 at 5. Plaintiff has attached a copy of the July 13, 2022 1819 notification. Doc. No. 30 at 28. The form contains a box for the signature of a captain as well as a box where the captain is to print his name. *Id.* However, the signature line is illegible and the box where the captain is to print his name is empty. *Id.* Nevertheless, drawing all reasonable inferences in favor of the Plaintiff, *see Usher*, 828 F.2d at 561, and liberally construing Plaintiff's pro se Amended Complaint, as the Court is required to do, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010), the Court concludes the Amended Complaint contains sufficient facts to plausibly allege Ortiz violated Plaintiff's First Amendment rights by seizing his mail on July 13, 2022. Accordingly, the Court **DENIES** the Motion to Dismiss as to Defendant Ortiz.

The Amended Complaint alleges that Mosely "received Plaintiff's grievance" regarding his confiscated mail, then told Plaintiff that the mail contained nudity and that the permanent marker supposedly concealing the nudity could be removed. Doc. No. 30 at 6. Mosely then denied Plaintiff's grievance. *Id.* "An allegation that a prison official inappropriately denied or failed to adequately respond to a grievance, without more, does not state a claim under § 1983." *Evans v. Skolnik*, 637 Fed. Appx. 285, 288 (9th Cir. 2015) (citing *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) and *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988)). Plaintiff's allegations in his Amended Complaint are insufficient to plausibly allege Mosely violated his First Amendment rights, and the Motion to Dismiss is therefore **GRANTED** without prejudice and without leave to amend as to Defendant Mosely. *Iqbal*, 556 U.S. at 678.

///

D. <u>Qualified Immunity and Eleventh Amendment Immunity</u>

Defendants contend they are entitled to qualified immunity because Plaintiff has not sufficiently alleged they committed a constitutional violation and because it was not clearly established at the time of any alleged constitutional violation that they were "prohibited from disallowing sexually explicit photographs with permanent marker." Doc. No. 34 at 21–22. "To determine whether a government official is entitled to qualified immunity, we ask two questions: whether the official violated a statutory or constitutional right, and whether that right was clearly established at the time of the challenged conduct." *Ellins v. City of Sierra Madre*, 710 F.3d 1049, 1064 (9th Cir. 2013).

Here, in order to answer the first question in the affirmative, the Court would have to look outside the Amended Complaint to determine whether the confiscated photographs violate the CDCR regulations. This the Court cannot do. *Saucier v. Katz*, 533 U.S. 194, 201 (2001) (Court is required to take the facts in the complaint as true when deciding qualified immunity), *overruled on other grounds by Pearson v. Callahan*, 555 U.S. 223, 236 (2009); *see also Sanches v. City of Crescent City*, No. C 08-1395 MEJ, 2009 WL 650247 at *(N.D. Cal. March 10, 2009) ("[B]ecause facts necessary to establish an affirmative defense generally must be shown by matter outside the complaint, a qualified immunity defense is generally not amenable to a Rule 12(b)(6) motion."). Accordingly, the Court **DENIES** the Motion to Dismiss on qualified immunity grounds without prejudice to Defendants raising it in a motion for summary judgment.

As to Defendants' Eleventh Amendment argument, the law is clear that the Eleventh Amendment bars Plaintiff's claims against state officials sued in their official capacities. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("[A]bsent waiver by the State or valid congressional override, the Eleventh Amendment bars a damages action against a State in federal court . . . [and] [t]his bar remains in effect when State officials are sued for damages in their official capacity . . . because . . . 'a judgment against a public servant "in his official capacity" imposes liability on the entity that he

represents . . . . ") (internal citations omitted)).  The Motion to Dismiss Plaintiff's claims against Defendants in their official capacities is therefore **GRANTED**.

## V. CONCLUSION

For the foregoing reasons, the Court **DECLINES** to incorporate by reference the confiscated mail that is the subject of Plaintiff's Amended Complaint and **DENIES** Defendants' Request for In Camera Review of the confiscated photographs.  Further, the Court **GRANTS** the Motion to Dismiss all claims against Defendant Mosely pursuant to Federal Rule of Civil Procedure 12(b)(6) without prejudice and without leave to amend, and **DENIES** the Motion to Dismiss Plaintiff's First Amendment claim with respect to Defendants Coronado and Ortiz pursuant to Federal Rule of Civil Procedure 12(b)(6).  Finally, the Court **GRANTS** the Motion to Dismiss Plaintiff's claims against all Defendants in their official capacities.

Defendants Coronado and Ortiz will serve and file an Answer to Plaintiff's Amended Complaint [Doc. No. 30] within the time set forth in Fed.R.Civ.P. 12(a)(4)(A).

**IT IS SO ORDERED**.

Dated:  April 22, 2024

HON. MICHAEL M. ANELLO
United States District Judge